UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION


CORTEZ ARCHIBALD                ]
    Plaintiff,                  ]
                                ]
v.                              ]       No. 3:11-1147
                                ]       Judge Trauger
METROPOLITAN NASHVILLE POLICE   ]
DEPARTMENT, et al.              ]
    Defendants.                 ]


                          **M E M O R A N D U M**

    The plaintiff, proceeding *pro se*, is an inmate at the Davidson County Criminal Justice Center in Nashville. He brings this action pursuant to 42 U.S.C. § 1983 against the Metropolitan Nashville Police Department and Curtis Hafley, a Metro homicide detective, seeking damages.

    The plaintiff was indicted and charged with three murders. Apparently, a member of the plaintiff's family attacked him "because of statements made in a motion of discovery pertaining to the victim." The plaintiff alleges that the attack was prompted by slanderous statements made against him by Detective Hafley.

    To establish a claim for § 1983 relief, the plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of a right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

It is well settled that mere words, no matter how offensive, threatening, or insulting, do not rise to the level of a constitutional violation. McFadden v. Lucas, 713 F.2d 143, 147 (5th Cir.1983). Consequently, the Supreme Court has held that defamation is not a constitutional tort and does not state a cognizable claim under 42 U.S.C. § 1983. Paul v. Davis, 424 U.S. 693 (1976). Thus, the alleged slander of the plaintiff by the defendants fails to offend the Constitution.

Because the allegations in the complaint do not rise to the level of a constitutional deprivation, the plaintiff is unable to prove every element of a § 1983 cause of action. The plaintiff, therefore, has failed to state a claim upon which relief can be granted. Under such circumstances, the Court is obliged to dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge